## THORN v. MILLER.

No. 639.

Municipal Court of Appeals for the District of Columbia.

July 1, 1948.

·Charles E. Thorn, petitioner, pro se.

Charles William Freeman, of Washington, D. C., for respondent.

Ernest F. Williams, of Washington, D.C. (Ruffin A. Brantley, of Washington, D.C., on the brief), for Robert F. Cogswell, Administrator of Rent Control.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

This is a petition to review an order of the District of Columbia Rent Administrator. The petition was originally filed in the Municipal Court under Section 9, of the District of Columbia Emergency Rent Act. Code 1940, Supp. V, § 45—1609. Prior to hearing in that court, said Section 9 was amended by the Act of April 29, 1948,[1] and jurisdiction to review orders of the Rent Administrator was transferred from the Municipal Court to this court. In accordance with said Act the case was certified to this court.

Petitioner is the owner and landlord of housing accommodations which respondent has occupied since September 1939. Respondent uses the premises as a dwelling and operates therein a rooming house and a school. Respondent was tenant under a written lease until September 1944 at an annual rental of $1,200. After expiration of her lease she remained in possession as a tenant by sufferance under the protection of the Rent Act. On January 6, 1945, on petition of the landlord the Administrator adjusted the rent ceiling to $125 per month. In August 1947 the tenant requested of the landlord a written lease for a term to expire on December 31, 1948, and voluntarily agreed to an increase in rent of 15% on condition that the term lease would be granted. Thereupon the landlord filed with

---

[1] Public Law 507, 80th Cong., 2d Sess.

the Administrator a petition for adjustment of rent from $125 per month to $143.75, conditioned on the execution of the term lease. Another ground urged for adjustment of rent was an increase in taxes on the property. The examiner, to whom the petition was referred, found that by reason of increase in landlord's expenses, including taxes, an increase was justified and recommended that effective January 20, 1948, the rent be $135 per month.

The landlord, being dissatisfied with the recommended order, asked for a rehearing. This request was granted. The tenant in writing consented to the increase asked, stating that in connection with the school conducted by her in the premises she had a substantial investment in equipment and good will and desired a term lease to avoid the risk of a possible later eviction. Following the rehearing the examiner again recommended that the rent be increased to $135 per month, this time effective March 8, 1948.

The landlord petitioned the Administrator for a review of the examiner's recommended order and thereafter the order was affirmed by the Administrator. This appeal followed.

■ The main point raised by petitioner is that the Housing and Rent Act of 1947,[2] amended by the Housing and Rent Act of 1948,[3] authorizes a 15% increase in rent when voluntarily agreed to by the landlord and tenant in a written lease for a specified term, and that Section 211 of the 1947 Act, making the Act inapplicable to the District of Columbia, is unconstitutional. With this contention we cannot agree. The purpose of the Housing and Rent Acts was the extension of rent control as authorized by the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 901 et seq. The rent control provisions of that Act were never applicable to the District of Columbia. Prior to its enactment rent control in this jurisdiction was established by the District of Columbia

Emergency Rent Act of December 2, 1941. This Act has been successively extended, its most recent extension being by the Act of April 29, 1948,[4] extending its provisions to March 31, 1949. In none of the amendments to or extensions of the District of Columbia Act has Congress authorized the 15% voluntary increase. To uphold the petitioner's contention this court would have to hold that in enacting the Housing and Rent Acts Congress intended to thereby amend the District of Columbia Emergency Rent Act, a result which Congress plainly did not intend and which it expressly provided against. We find no Constitutional ground compelling this result. The authority of Congress to enact legislation for control of rents in the States is not the same authority exercised in controlling rents in the District of Columbia.[5]

■■ Petitioner also contends that the 15% increase should have been granted by the Administrator on the basis of the "peculiar circumstances of the case" under the authority of Section 4 (a) of our Act, asserting that the peculiar circumstances of this case are that here the tenant, contrary to 99% of the cases before the Administrator, is seeking the increase in rent. However, the cited section of the Act does not give the Administrator authority to adjust rents merely because the circumstances are peculiar. His authority under this section is limited to adjustments only when the rent ceiling is, "due to peculiar circumstances affecting such housing accommodations, substantially higher or lower than the rent generally prevailing for comparable housing accommodations." There was no showing made by petitioner that the rent ceiling was lower than that generally prevailing for comparable housing accommodations, and in the absence of such showing there was no basis for the increase sought.

■ Finally, petitioner complains that because the order of December 1, 1947, recommended an increase from $125 to $135, effective January 20, 1948, it was

---

[2] 50 U.S.C.A. Appendix, § 1894.

[3] Public Law 464, 80th Cong., 2d Sess.

[4] Supra, footnote 1.

[5] See Woods v. Cloyd W. Miller Co., 333 U.S. 138, 68 S.Ct. 421, upholding the constitutionality of the Housing and Rent Act of 1947, and Block v. Hirsh, 256 U.S. 135, 41 S.Ct. 458, 65 L.Ed. 865, 16 A.L.R. 165, upholding the constitutionality of a former rent control act for the District of Columbia.

error for the second order of February 26, 1948, to make the recommended increase effective March 8, 1948. However, it was at petitioner's insistence that a hearing de novo was ordered, new evidence received and new findings made. He is in no position to complain that the effective date of the increase was postponed by reason of the second hearing and second order.

Affirmed.

