**COX v. COGSWELL.**

No. 847.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 17, 1949.

Decided Nov. 16, 1949.

Josiah Lyman, Washington, D. C., for petitioner.

Ernest F. Williams, Washington, D. C., with whom Ruffin A. Brantley, Washington, D. C., was on the brief, for respondent.

Before C A Y T O N, Chief Judge, and HOOD and CLAGETT, Associate Judges.

CAYTON, Chief Judge.

Petitioner is the agent and general contractor for the owner of dwelling premises at 1311 21st Street, N. W. He brings this appeal from an order of the Rent Administrator setting rent ceilings on four apartment units at that address. He maintains that the Rent Administrator had no jurisdiction to determine the rents and that even if he did, he set them arbitrarily and too low. The Rent Administrator has filed a motion to dismiss the appeal, on which motion we have heard arguments.

From the record it appears that in 1947 the owner undertook to remodel the prem-

ises, which then consisted of six rooms and bath. By March 17, 1948, he had spent almost $31,000 in creating some five apartments, each with its own kitchen and bath. The owner retained the first floor unit for his own use and authorized occupancy of "some" of the new apartments before March 31, 1949. How many were so occupied and how complete was the remodeling before such occupancy does not appear to have been established before the Rent Administrator's office. According to the landlord, reconstruction of the premises was not fully completed until September 15, 1948.

■ In the meantime, in April 1948 Congress, in extending the Rent Act, ordered the decontrol of "any housing accommodations the construction of which was completed after March 31, 1948, or which are additional housing accommodations created by conversion after March 31, 1948." [1] Relying on this provision, petitioner has taken the position that the Rent Administrator had no jurisdiction to determine rent ceilings for the premises. He maintains that the premises were completed or converted only after March 31, 1948. But he has not caused to be included in the record a statement of the evidence taken before the examiner or Administrator, so as to enable us to form an opinion as to whether the property was within the decontrolled class.[2]

The Rent Administrator took jurisdiction on June 2, 1948, after receiving a complaint from one of the tenants, and sent letters to the occupants of the building requesting information. After consideration of the pertinent data, he notified petitioner that certain rent ceilings had been determined and would go into effect July 12, 1948. This notice stated that if there were any objections or suggested changes, they were to be made in writing and that further proceedings could then be had. The proposed order recited that the ceilings had been determined under Section 2(1) (c) of the Rent Act, and set ceilings on the upstairs apartments at $50 and $65. The effect of the order, as we

---

1. Public Law 507, 80th Cong., 2nd Sess., 62 Stat. 205, amending D.C.Code 1940, Supp. VI, § 45—1602.

2. He has filed with this court an affidavit showing that a comparatively small amount of construction costs was incurred after the decontrol date, March 31, 1948. But obviously we cannot consider this affidavit, for it was not part of the record before the Administrator.

understand it, was to treat the remodeled premises as "new housing accommodations" not rented on January 1, 1941 nor within the year ending on that date.[3]

Objections to the proposed order were promptly filed by petitioner, denying the jurisdiction of the Rent Administrator, claiming that the rents were too low, and that the costs of construction and the amount of the owner's investment had not been thoroughly considered. He requested a hearing which was granted. Subsequently, a new order was issued, effective September 14, 1948, with ceilings now set at $60 and $75 per month. Again objections were filed by petitioner, alleging the same grounds as before, and seeking a rehearing. This was denied July 1, 1949, and this appeal followed.

The Administrator's motion to dismiss the appeal is on the ground that the proceedings to date have been under Section 2(1) (c) of the Rent Act, and that such proceedings are not subject to court review. That section provides that the Administrator shall determine the rent ceilings for housing accommodations not rented on January 1, 1941 on the basis of "the rent and service generally prevailing for comparable housing accommodations."[4] The Administrator relies on two decisions of this court for his contention that the Act provides no appeal from determinations made under that section. Sager v. Stamps, D.C.Mun. App., 38 A.2d 113; Sager v. Parker, D.C. Mun.App., 55 A.2d 349; affirmed Parker v. Sager, D.C.Cir., 174 F.2d 657.

Petitioner Cox, on the other hand, claims that this was a proceeding under Section 4 of the Act, for which detailed procedural provisions were made in the Act, including the right of appeal.[5] He insists that even if the proceeding was not specifically labeled as one under section 4, the grounds he has presented show that to be the nature of his petition. We think his position is incorrect, because he has not shown that this situation is in any way governed by that section.

Section 4 enumerates several grounds on which a landlord or tenant may petition the Rent Administrator for an adjustment of a maximum rent ceiling. One is where the ceiling is: "due to peculiar circumstances affecting such housing accommodations, substantially higher or lower than the rent generally prevailing for comparable housing accommodations."[6] This is not applicable under the facts before us. No "peculiar circumstances" were alleged by appellant nor was it suggested that the rent ceilings as determined were lower than those on comparable housing. There is nothing in the record to indicate the absence of ordinary bargaining considerations when the premises were first leased.[7]

Section 4 also provides, subsection b, that a landlord may petition the Administrator to adjust rent ceilings "to compensate for (1) a substantial rise, since January 1, 1941, in taxes or other maintenance or operating costs or expenses, or (2) a substantial capital improvement or alteration made since January 1, 1941 * * *."[8] We think it clear that petitioner has not brought himself within these provisions.

Although petitioner has made a major capital improvement and alteration in the premises, it does not appear that his action was ever one for adjustment of the ceiling within the meaning of Section 4(b) of the Act. From the start and at every stage of the proceeding the litigation has been over the original determination of the rent ceilings. And there can be no question that the

---

3. Delsnider v. Gould, 81 U.S.App.D.C. 54, 154 F.2d 844.

4. Code 1940, Supp. VI, § 45—1602 (1) (c).

5. Code 1940, Supp. VI, § 45—1609 (c), as amended.

6. Code 1940, Supp. VI, § 45—1604 (a).

7. In Fairmac Corporation v. Roberts, D.C. Mun.App., 67 A.2d 684, 686, appeal denied by United States Court of Appeals October 13, 1949, we repeated the definition of peculiar circumstances to be "those which negate the existence of ordinary bargaining considerations, or are abnormal circumstances not generally present in a normal rental bargain." See also Bailey v. Maple, D.C.Mun.App., 63 A.2d 333, and Thorn v. Miller, D.C. Mun.App., 60 A.2d 223.

8. Code 1940, Supp. VI, § 45—1604 (b).

action of the Administrator in this respect was solely under Section 2(1) (c) of the Act. Reference to this section was made in both of his orders as the jurisdictional basis of the proceeding. Petitioner, instead of seeking an adjustment from the ceiling determination, has consistently denied the power of the Administrator to determine the ceilings in the first place. He maintains that he is not within the provisions of the Rent Act. Similarly, he has challenged the correctness of the ceilings as determined.

■ These arguments show that petitioner was exercising his remedies under Section 2 exclusively. It is true that he did seek an "adjustment" of the first tentative ceilings and was successful, since after a hearing substantially higher ceilings were set. And after that he sought still higher ceilings on the basis of construction costs and investment return. This course of action, however, is not one for "adjustment" under Section 4. Rather, every step shows that he was properly exhausting his administrative remedies under Section 2 of the Act.

■ Prerequisite to a Section 4 proceeding for adjustment is a rent ceiling in effect. Without such a ceiling a petition for adjustment does not lie.[9] A petitioning landlord must start from an existing rent ceiling and then prove that it should be adjusted on grounds allowed by the Act. He must show that there were "peculiar circumstances" present when the ceilings first went into effect or that there has since been a substantial rise in operating expenses or a substantial capital improvement. Here the capital improvement and reconstruction were made before the rent ceilings were determined. Section 4 clearly covers improvements made after the rent ceilings are in effect.

■ Most of petitioner's objections to the Rent Administrator's order, beyond that of jurisdiction, have been in regard to the denial of rents consistent with his investment. Whether such is the fact or not does not appear from the present state of the record. We must point out, however, that this is not a basis for adjustment under the local Rent Act, which makes no provision for a "fair return" to the landlord. And we have ruled twice that net income is not a proper basis for adjustment of rents.[10] Other standards for adjustment of rent ceilings are set out in the Act and to prevail, petitioner must bring himself within their provisions.

■ But in any view of the case as it is now before us, the Administrator's determination of the ceilings was under Section 2 of the Act, from which determination no appeal lies.

Appeal dismissed.

9. Sager v. Stamps, supra.

10. Rosen v. Powers, D.C.Mun.App., 65 A.2d 200, citing Hall v. Ring Management Co., D.C.Mun.App., 63 A.2d 656.