### TORRE v. BERKOWITZ et al.
### No. 1268.

Municipal Court of Appeals for the District of Columbia.

Argued Oct. 27, 1952.

Decided Nov. 19, 1952.

Milton M. Burke, Washington, D. C., for petitioner.

Ernest F. Williams, Gen. Counsel, Washington, D. C., with whom Ruffin A. Brantley, Asst. Gen. Counsel, Washington, D. C., was on the brief, for Robert F. Cogswell, Administrator of Rent Control, respondent

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge.

We are asked to review an order of the Administrator of Rent Control dismissing a petition for an increase in rent. The property involved is used for residential and commercial purposes. The first and second floors, rented as residential, are subject to the Rent Act. The basement, rented as commercial, consists of two stores.

In 1950 petitioner expended a sum in excess of $3,000 in renovating the building. He filed a petition with the Rent Administrator seeking a rent ceiling of $110 on the residential portion, the first and second floors. After comparison with other comparable housing accommodations in the same area, the Administrator issued an order effective March 20, 1951, establishing the rent ceiling on the first and second floors at $75 per month. No appeal was taken from that order nor is it before us on this appeal.

In June 1951 Congress extended the life of the Rent Act [1] and revised it in several respects. The Act provided (1) for an automatic increase of 20% in the maximum rent ceiling for those rents frozen at the January 1, 1941 level, and (2) for an increase of 2% per year for each year after 1941 for rents established subsequent to the January 1, 1941 level.[2] These increases were applicable only to ceilings established between January 1, 1941, and December 31, 1950. Since petitioner's ceiling was established March 20, 1951, he was not entitled to an automatic increase. However, under the revised Act the comparable housing accommodations used by the Administrator to arrive at the $75 ceiling in the above mentioned order were entitled to the automatic increase *provided* the landlords filed a new rent schedule.[3]

In December 1951 petitioner requested an increase on the basis that the existing rent was, due to *peculiar circumstances,* lower than the rent generally prevailing for comparable housing accommodations.[4] To support this claim petitioner argued that since the housing accommodations used as comparables by the Administrator in determining the rent in March 1951 were now entitled to an automatic increase of from 2% to 20%, he, therefore, should likewise be entitled to an increase. The examiner found that the testimony offered at the hearing was insufficient to constitute *peculiar circumstances* as contemplated by the Rent Act and recommended that the petition be dismissed.

The petitioner sought review by the Administrator of the examiner's findings and recommended order. After such review the Administrator approved the findings and recommended order and made them final. Petitioner has now brought the case here for review. He bases his claim for reversal on the same ground as that upon which he proceeded before the Administrator, namely, that due to peculiar circumstances the maximum rent ceiling was substantially lower than that generally prevailing for comparable housing accommodations.

The question of what constitutes peculiar circumstances, as that term is used in the Rent Act, has been before this court on several previous occasions.[5] We have consistently held that the phrase *peculiar circumstances,* as here used, obviously means unusual or special circumstances preventing the landlord and tenant from bargaining freely.

As we said in an earlier case, Fairmac Corporation v. Roberts, D.C.Mun.App., 67 A.2d 684, 686, "The same general idea has been expressed in cases coming under the National Rent Act, 50 U.S.C.A. Appendix, § 901 et seq., it being said that peculiar circumstances are those which negate the existence of ordinary bargaining considerations, or are abnormal circumstances not generally present in a normal rental bargain. Expressed in the negative it is said that peculiar circumstances are lacking when the circumstances are the normal ones of bargaining between landlord and tenant, or, when the landlord is a free agent dealing in an open market."[6] There we held that peculiar circumstances did exist because when the rents were first

---

1. Code 1951, Supp. I, 45–1601 et seq.
2. Code 1951, Supp. I, 45–1602(4). Cf. Stoner v. Humphries, D.C.Mun.App., 87 A.2d 528.
3. While there is no evidence in the record on this point, counsel for the Administrator during oral argument of this appeal did admit that these comparables were entitled to this automatic increase, but stated that to date not one of them has applied for it.
4. Code 1951, Supp. I, 45–1604(a).
5. Cox v. Cogswell, D.C.Mun.App., 69 A.2d 659; Bailey v. Maple, D.C.Mun.App., 63 A.2d 333.
6. Rockcliffe Realty Corporation v. Bowles, Em.App., 151 F.2d 339; Kuskin & Rotberg v. Porter, Em.App., 153 F.2d 1016; Hunt v. Porter, Em.App., 157 F.2d 917; Longmoor Corporation v. Creedon, Em. App., 162 F.2d 747.
   The *peculiar circumstances* provision was contained in regulations promulgated by the Office of Price Administration which administered the National Rent Act, 50 U.S.C.A.Appendix, § 901 et seq. However, the present Housing and Rent Acts, 50 U.S.C.A.Appendix, § 1881 et seq., and regulations thereunder, which are administered by the Office of Rent Stabilization, do not contain this provision.

fixed there were factors present which prevented a bargaining valuation of the property for rental purposes under the then existing market conditions, but in this case such factors are not present.

■ Petitioner claims that peculiar circumstances exist where the rent ceilings for comparables used by the Administrator to establish petitioner's rent ceiling in the March 20, 1951 order are permitted an increase and where there is no similar provision allowing petitioner an increase. This description of peculiar circumstances does not fall within the ambit of the interpretation that has been placed on these words either by this court or the federal courts. Nor are we prepared to enlarge that interpretation to cover the facts in this case. We conclude that the petitioner failed to bring himself within section 4(a) and that the increase was properly denied.

Affirmed.

